# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO VILLANUEVA,<br><br>　　　　Defendant. | Case No.  1:20-mj-00052-SAB<br><br>ORDER RE INFORMAL TELECONFERENCE RE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER |

　　　　On April 30, 2020, Reynaldo Villanueva ("Defendant") filed a notice of the Government's non-compliance with the statutory prerequisite to admission of wiretap evidence. (ECF No. 10.)  Defendant also filed a request to file documents under seal in support of the pleading. (ECF No. 11.)  Defendant's request to file documents under seal was granted and the documents were filed under seal. (ECF Nos. 13, 16, 17, 18.)  Before the sealed documents were filed, the Government requested to file a motion for a protective order under seal which was granted. (ECF No. 14.)  The Court subsequently received notification from Defendant that the proposed motion for a protective order should be vacated.  A teleconference was set for May 12, 2020, to discuss the protective order.  (ECF No. 24.)

　　　　Pursuant to the Local Rules of the Eastern District of California, once the request to seal documents is granted, "the requesting party shall either e-mail to the Clerk, at the e-mail address for sealed documents listed on the Court's website, an electronic copy of the documents covered

by the sealing order, in .pdf format as an attachment, or submit to the Clerk by hand-delivery, U.S. mail, or same-day or overnight courier, a CD containing a copy of the documents in .pdf format." L.R. 141(e)(2)(i).  Upon review of the docket, it appears that the Government never submitted the motion for a protective order to the Clerk's Office to be filed under seal.

An informal teleconference was conducted on May 8, 2020.  (ECF No. 31.)  Counsel Justin Gilio appeared for the Government and counsel Kevin Rooney appeared for Defendant. (Id.)  The parties request that the protective order be vacated.  However, no protective order has been entered and there is therefore no order to vacate.  The parties indicated during the informal teleconference that the Government wanted the Defendant to either object to the motion or provide a non-opposition.  The parties agreed that 6 weeks for a response was appropriate, but the need for the protective order may become moot in the near future.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before **May 11, 2020**, the Government shall file the motion for a protective order under seal by submitting the motion to the Clerk's Office in compliance with Local Rule 141(e)(2)(i);

2. Defendant shall file an opposition or statement of non-opposition to the motion for a protective order on or before **June 29, 2020**;

3. The matter shall be taken under submission upon the filing of any opposition or statement of non-opposition; and

4. The Government shall withdraw the motion for a protective order should the issue become moot prior to the issuance of an order on the motion.

IT IS SO ORDERED.

Dated:  **May 8, 2020**

UNITED STATES MAGISTRATE JUDGE